**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4814**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ROBERT LEROY THAMES,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:11-cr-00015-BO-1)

———————

Submitted: February 29, 2012          Decided: March 30, 2012

———————

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Leroy Thames pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The statutory maximum sentence for each count was ten years. The district court varied above the Guidelines range and imposed a sentence of 240 months. Thames contends on appeal that the district court committed procedural error by misapplying U.S. Sentencing Guidelines Manual § 5G1.2(d) (2010). We affirm.

Thames' conviction resulted from his attempt to rob a woman of her purse in a well-frequented area of downtown Wilmington, North Carolina. As the victim and her companions attempted to subdue him, Thames pulled out a revolver and tried to shoot three times. At Thames' sentencing hearing, a Wilmington detective informed the court that marks on the bullets in Thames' gun indicated that the trigger had been pulled, and that the gun fired normally after he cleaned it.

The district court determined that Thames' advisory Guidelines range was 110-137 months, capped at 120 months by the ten-year statutory maximum sentence on each count. The court decided that a sentence within the range was insufficient to meet the sentencing goals of 18 U.S.C. § 3553(a) (2006), given the seriousness of the offense, the fact that one or more people might have been killed if the handgun had fired, and Thames'

prior convictions for robbery and attempted kidnapping. The court ascertained that, under § 5G1.2(d), it could impose a partially consecutive sentence on one count, but only to the extent necessary to produce a combined sentence of 137 months. The court instead decided to vary above the Guidelines range by imposing fully consecutive sentences to produce a total sentence of 240 months.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. No presumption of unreasonableness attaches to a sentence outside of the Guidelines range. Id. Thames argues on appeal that the district court procedurally erred by incorrectly applying § 5G1.2(d) and imposing a sentence in excess of 137 months. In his view, the court thereby effectively increased his statutory maximum to 240 months.

3

Thames is correct that his total Guidelines sentence was 137 months and that the district court could not, under § 5G1.3(d), combine his statutory maximum sentences to achieve a sentence in excess of 137 months. However, the court chose not to impose a sentence within the Guidelines range and instead varied above the range pursuant to 18 U.S.C. § 3553(a). The court was not prevented from varying upward by the operation of § 5G1.2(d). No procedural error occurred.

Thames does not challenge the substantive reasonableness of his sentence. To the extent that the issue is implicitly raised, we conclude that the sentence is substantively reasonable when viewed in light of Thames' past convictions for robbery and attempted kidnapping, and his attempt to shoot one or more people at close range during the instant offense. Even if we might weigh the § 3553(a) factors differently and select a lesser sentence, the district court's sentence deserves deference. See United States v. Jeffery, 631 F.3d 669, 679-80 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4